## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BILLY GIPSON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1340** |
| **ALLIED TRUST INSURANCE COMPANY** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this Hurricane Ida property-damage case removed from state court based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), is the motion[1] of Plaintiffs Billy and Tina Gipson to remand. The Gipsons say remand is required because Defendant Allied Trust Insurance Company failed to timely remove the case after receipt of "other paper" under 28 U.S.C. § 1446(b)(3). The Court agrees. Allied Trust fails to carry its burden to show that it removed this case within 30 days after receiving an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Accordingly, for that reason and those that follow, the Gipsons' motion to remand is **GRANTED**.

## I.    BACKGROUND

The Gipsons challenge the timeliness of Allied Trust's diversity-based "other paper" removal of this first-party insurance lawsuit. So precise dates are important.

On August 24, 2023, the Gipsons sued Allied Trust in the 24th Judicial District Court for the Parish of Jefferson, Louisiana.[2] In their original petition, the Gipsons alleged that Allied Trust failed to timely and adequately pay them proceeds allegedly

---

[1] ECF No. 8.
[2] *See generally* ECF No. 1-1 at 3–8.

due under their insurance policy for damage their Metairie home suffered during Hurricane Ida.[3] The Gipsons brought claims for breach of contract, detrimental reliance, and statutory bad faith.[4] Consistent with Louisiana law, the Gipsons did not ask for a "specific monetary amount of damages" in their original petition.[5] LA. CODE CIV. PROC. ANN. art. 893(A)(1). Allied Trust was served on September 10.[6]

Twenty days after service, on September 30, counsel for the Gipsons notified counsel for Allied Trust that he "can stipulate that the damages on this one are less than $75K, inclusive of penalties and fees, but exclusive of interest and co[s]ts."[7]

Nine days after that email exchange, on October 9, the Gipsons filed the stipulation.[8] The Gipsons stipulated that they sought less than $75,000 in damages, and that if they received a verdict or other award above $75,000, they would accept only $75,000 "in full and complete satisfaction of such a verdict or other award."[9]

About four-and-a-half-months later, on February 22, 2024, counsel for the Gipsons emailed counsel for Allied Trust and stated that the Gipsons "would accept" $225,000 to settle the case.[10] Following up on that $225,000 settlement demand, on March 6, counsel for the Gipsons emailed counsel for Allied Trust a detailed "breakdown . . . of payments made and what is owed" under the insurance policy.[11] That detailed "breakdown" reflected that the Gipsons claimed that Allied Trust still

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] ECF No. 1 at 1.
[7] ECF No. 1-2 at 1.
[8] ECF No. 8-2 at 1.
[9] *Id.*
[10] ECF No. 8-3 at 1.
[11] ECF No. 8-4 at 1–2.

owed the Gipsons $124,935.49 under the policy.[12] Counsel for Allied Trust responded the same day and reminded counsel for the Gipsons of the stipulation on damages.[13]

Later that same day, March 6, the Gipsons moved the state court to withdraw their stipulation on damages.[14] In the motion, the Gipsons explained that they wanted to withdraw the stipulation because their counsel had "received information from [the Gipsons] suggesting that their claims do in fact exceed $75,000."[15] Counsel for the Gipsons sent counsel for Allied Trust a copy of the motion that same day.[16]

The next day, March 7, the state court signed an order granting the Gipsons' motion to withdraw their stipulation on damages.[17] The state court in turn ordered "that the stipulation on damages executed by counsel for [the Gipsons] is hereby revoked and is recognized as being withdrawn in the record of this matter."[18]

That same day, in an email to the assigned special master, counsel for Allied Trust acknowledged that the Gipsons had "filed a revocation of the stipulation of damages" and said that Allied Trust would "be filing a Notice of Removal to the Eastern District by the end of this week."[19] Allied Trust did not remove the case then.

---

[12] *Id.* at 2.
[13] *Id.* at 1.
[14] ECF No. 8-5 at 1; ECF No. 8-6 at 1.
[15] ECF No. 8-6 at 1.
[16] ECF No. 8-5 at 1.
[17] ECF No. 8-6 at 2.
[18] *Id.*
[19] ECF No. 8-7 at 3.

Five days later, on March 12, the special master emailed counsel for Allied Trust and asked if she still intended to remove the case.[20] That same day, counsel for Allied Trust responded that she would "be filing a Notice of Removal tomorrow."[21]

Rather than remove, on March 14, Allied Trust moved the state court to reconsider its March 7 order granting the motion to withdraw the stipulation.[22]

The next day, March 15, the Gipsons filed a "revocation of stipulation."[23] In it, the Gipsons again explained that they were revoking and withdrawing the stipulation on damages because their lawyer had "received information from [the Gipsons] suggesting that their claims do in fact exceed $75,000."[24] Counsel for the Gipsons emailed counsel for Allied Trust a copy of the revocation that same day.[25]

Fast forward nearly two months. At a May 7 hearing, the state court orally denied Allied Trust's motion to reconsider that court's order granting the Gipsons' motion to withdraw their stipulation.[26] The court signed its judgment on May 12.[27]

Ten days after the judgment was signed, on May 22, Allied Trust removed the case to this Court based on diversity jurisdiction.[28] *See* 28 U.S.C. § 1332(a)(1).

Now, the Gipsons move the Court to remand this case, contending Allied Trust failed to timely remove it.[29] Allied Trust opposes.[30]

---

[20] *Id.* at 2.
[21] *Id.* at 1.
[22] ECF No. 8-8 at 1–5.
[23] ECF No. 8-9 at 1.
[24] *Id.*
[25] ECF No. 8-10 at 1.
[26] ECF No. 1-1 at 91.
[27] *Id.*
[28] ECF No. 1.
[29] ECF No. 8.
[30] ECF No. 12.

## II.   ANALYSIS

The Gipsons contend that the Court must remand this case because Allied Trust failed to timely remove it. *See* 28 U.S.C. § 1447(c). The Court agrees.

Allied Trust may remove a civil case from state court to this Court if this Court would have original jurisdiction. *See* 28 U.S.C. § 1441(a). The Court has original jurisdiction based on diversity of citizenship over civil cases between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a)(1). As the removing party here, Allied Trust "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). The Court "construe[s]" "[a]ny ambiguities . . . against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citation omitted). Here, it is undisputed that the requirements of Section 1332(a)(1)—complete diversity and over $75,000 in controversy—are met; the parties dispute only the timeliness of removal.

Section 1446(b)(3) governs the timeliness of Allied Trust's removal.[31] "[I]f the case stated by the initial pleading is not removable," Section 1446(b)(3) permits a defendant liked Allied Trust to remove a case "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). "The information supporting removal in a copy of an amended pleading,

---

[31] No party contends that this case was removable under Section 1446(b)(1) based on "a copy of the initial pleading." 28 U.S.C. §1446(b)(1); *see* ECF No. 8-1 at 1–10; ECF No. 12 at 1–6.

motion, order or other paper under § 1446(b)(3) must be unequivocally clear and certain to start the time limit running." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 609 (5th Cir. 2018) (alterations, quotations, and citations omitted). A post-complaint demand letter that "is not plainly a sham" is "other paper" under Section 1446(b)(3) for purposes of ascertaining the amount in controversy for diversity jurisdiction. *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000).

Allied Trust fails to carry its burden to show that it timely removed this case under Section 1446(b)(3). At the very latest, Allied Trust received an "order or other paper" starting Section 1446(b)(3)'s 30-day removal clock in March 2024 through the state court's order granting the Gipsons' motion to withdraw their stipulation on damages.[32] At that point, Allied Trust was on notice that the state court had withdrawn the Gipsons' stipulation on damages, and it became "unequivocally clear and certain," *Morgan*, 879 F.3d at 609, that the amount in controversy was met.

Two facts underscore that it was "unequivocally clear and certain," *id.*, that the amount in controversy was met when the state court ordered the Gibsons' stipulation on damages withdrawn. First, the Gipsons' motion to withdraw itself stated that the Gipsons' "counsel has received information from [the Gipsons] suggesting that their claims do in fact exceed $75,000."[33] And second, the Gipsons'

---

[32] ECF No. 8-5; ECF No. 8-6. The record does not directly reflect the date Allied Trust received the state court's March 7, 2024 order granting the Gipsons' motion to withdraw their stipulation on damages. But Allied Trust must have received that order before March 14, because Allied Trust references that order in its March 14 motion for reconsideration. ECF No. 8-8 at 1. Even if the Court assumes that Allied Trust did not receive the state court's March 7 order until March 14, the removal remains untimely because Allied Trust waited more than 30 days—until May 22—to remove.

[33] ECF No. 8-6 at 1.

motion to withdraw and the order granting that motion were preceded by the Gipson's counsel's $225,000 settlement demand[34] and by a detailed "breakdown"[35] of the $124,935.49 that the Gipsons said they were still owed under the insurance policy. Allied Trust has not shown that either of those figures "is plainly . . . a sham." *Addo*, 230 F.3d at 762. Thus, when the stipulation was withdrawn in March 2024, and the Gipsons' recovery was no longer capped at $75,000, the settlement demand and the detailed "breakdown" became appropriate measures of the amount in controversy.

Allied Trust's counterargument fails to persuade. According to Allied Trust, this case was not removable until the state court denied Allied Trust's motion to reconsider the order granting the Gipsons' motion to withdraw their stipulation on May 7.[36] Until then, Allied Trust reasons, the stipulation bound the parties and barred the Gipsons from recovering over $75,000.[37] But Allied Trust overlooks a key point: The state court *granted* the Gipsons' motion to withdraw their stipulation on damages—and *withdrew* that stipulation—on March 7.[38] As of March 7, the Gipsons' stipulation was no longer in force; the Gipsons' recovery was not capped at $75,000.[39] The record confirms all parties understood that this case then became removable.[40]

---

[34] ECF No. 8-3 at 1.

[35] ECF No. 8-4 at 1–2.

[36] ECF No. 12 at 5.

[37] *Id.*

[38] ECF No. 8-6 at 2.

[39] Allied Trust complains that the state court erred in allowing the Gipsons to withdraw their stipulation on damages *ex parte* and without proving an error of fact. ECF No. 12 at 5. But the correctness of the state court's order is immaterial to the timeliness question before the Court; all that matters is that the state court in fact withdrew the stipulation on March 7, 2024, freeing the Gipsons from the stipulation's $75,000 cap and making it "unequivocally clear and certain," *Morgan*, 879 F.3d at 609, that the amount in controversy was met in light of the Gipsons' six-figure settlement demands.

[40] *See, e.g.*, ECF No. 8-7 at 3 (March 7, 2024 email from Allied Trust's counsel noting the Gipsons' revocation of their stipulation on damages and stating that "Allied will be filing a Notice of Removal to the Eastern District by the end of this week"); *id.* at 2 (March 12, 2024 email from Allied

\*    \*    \*

Allied Trust fails to carry its burden to show that it timely removed this case under Section 1446(b)(3) within 30 days of receiving an "order or other paper" from which Allied Trust may first have "ascertained" that the amount in controversy was met and that the case was removable. So its removal is untimely. Remand is required.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that the Gipsons' motion[41] to remand is **GRANTED**. This case is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, Louisiana under 28 U.S.C. §1447(c).

New Orleans, Louisiana, this 25th day of February, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

Trust's counsel stating that she would "be filing a Notice of Removal tomorrow"); *id.* at 1 (March 12, 2024 email from the Gipsons' counsel stating that he had "[n]o objection" to removal).
[41] ECF No. 8.